UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SUSY SHORT BEAR-TRAVERSIE,<br><br>             Plaintiff,<br><br>vs.<br><br>U.S. GOVERNMENT, Fort Meade, SD, Hot<br>Springs, SD,<br><br>             Defendant. | 3:24-CV-03006-CBK<br><br><br>ORDER |

Plaintiff filed a *pro se* complaint and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has not made the requisite showing under 28 U.S.C. § 1915. Her affidavit is inconsistent. She claims that she pays a monthly mortgage, including real estate taxes, of $850.00. However she also claims that she pays $3,000.00 per month in taxes not included in her mortgage. She claims she pays $850.00 per month in homeowners' insurance. Neither claimed monthly expense is credible for a house she claims is valued at $82,000.00. In addition to the previous monthly expenses, she also claims to pay $3,000.00 a month in alimony but shows her disability income is only $4,000.00 monthly. In another portion of her affidavit, she claims that her total monthly expenses are $3,000.00. Plaintiff's motion to proceed without the prepayment of the filing fee cannot be granted on this record.

Even if plaintiff were allowed to proceed without the prepayment of the filing fee, this case could not go forward in federal court. The Prison Litigation Reform Act requires the Court to conduct a preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to ordering service of the complaint. Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (unpublished) ("the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service"). The Court is required to dismiss a case filed without the prepayment

of fee if it determines that the action (1) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim.  Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

I have conducted an initial review as required by § 1915A.

Plaintiff's hand-written *pro se* complaint lists the United States as defendant in the caption of the case.  However, she lists in the body of the complaint as additional defendants Dr Smith, Cindy Erwin, and Dr. Manley.  She contends that she told Dr. Smith what her prescribed medication "was doing to me but he would not change my meds."  Plaintiff contends that Cindy Erwin and Dr. Manley told plaintiff the medication was ruining plaintiff's teeth and bones.  She requests relief in the form of $1,000,000.00 to compensate her for the loss of her teeth and the damage caused by her medication.  In her civil cover sheet she describes her cause of action as medical malpractice.

Fed. R. Civ. P. 8(a)(1) provides, in part, that a claim for relief must contain "a short and plain statement for the grounds for the court's jurisdiction." "A complaint that does not contain an adequate statement of jurisdictional facts is 'fatally defective.'" Hutchins v. Homestead Sav., 5 F.3d 531 (8th Cir. 1993).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (internal quotations omitted) (*quoting* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).  "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964), and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).  As a threshold matter, the district court must determine whether federal subject matter jurisdiction exists and this Court may raise

2

such issue *sua sponte*. <u>Auto-Owners Inc. CO. v. Tribal Court of Spirit Lake Indian Reservation</u>, 495 F.3d 1017, 1020 (8th Cir. 2007).

This Court presumes that a cause of action lies outside the district court's limited jurisdiction and plaintiff bears the burden of establishing that jurisdiction does exist. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Even *pro se* plaintiffs must comply with procedural rules and sufficiently allege a basis for federal jurisdiction. <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff has not alleged that her claim arises under a federal statute, the United States Constitution, or any treaty of the United States as required for "federal question" jurisdiction under 28 U.S.C. § 1331. Plaintiff stated in her civil cover sheet that her claim is one for medical malpractice. Medical negligence cases arise under state law. She has further not alleged that she resides in a different state than all the defendants as required for "diversity of citizenship" jurisdiction under 28 U.S.C. § 1332.

Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff's complaint must include a short and plain statement of the claim showing that she is entitled to relief. Plaintiff's complaint, liberally construed, only claims Dr. Smith engaged in any conduct toward her to which she objects. Even if the complaint is construed to plead a medical negligence claim against Dr. Smith, such claim cannot proceed in federal court absent federal jurisdiction.

Plaintiff sued the "United States government, Fort Meade, SD, Hot Springs, SD." The Court takes judicial notice that the buildings and land known as Fort Meade which were formerly a United States Army post now house, *inter alia*, a Veterans Administration Hospital complex. Plaintiff has not claimed that Dr. Smith was employed by the Veterans Administration.

If this Court were to go beyond plaintiff's complaint and assume she claims that Dr. Smith, while employed by the Veterans Administration, committed medical malpractice, resulting in injury and damages to plaintiff, her claim could arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Pursuant to 28 U.S.C. § 2675(a), plaintiff cannot institute suit against the United States under the FTCA "unless

3

the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing." "[A] claimant must present her claim to the appropriate federal agency before an action may be instituted in federal court" under the Federal Tort Claims Act. A.M.L. by & through Losie v. United States, 61 F.4th 561, 563 (8th Cir. 2023). Presentment of the claim to the agency "is a jurisdictional prerequisite to filing an FTCA action in federal court." King v. United States, 3 F.4th 996, 999 (8th Cir. 2021). A *pro se* complainant is required to comply with the procedural requirements specified by Congress set forth in the FTCA. McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Plaintiff has failed to allege that she has exhausted her administrative remedies and therefore, even if the Court were to construe her claim as arising under the FTCA, such claim lacks a jurisdictional basis under the record here.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 4 to proceed *in forma pauperis* without the payment of the filing fee, is denied.

2. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) for failure to state a claim upon which relief could be granted and for lack of federal jurisdiction.

3. Plaintiff's motion, Doc. 3, to appoint counsel is denied as moot.

DATED this 8th day of March, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4